UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 GALLUP, TOZZI, and JOHNSON
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Sergeant JEREMY S. TERRY
 United States Army, Appellant

 ARMY 20080470

 Headquarters, Joint Readiness Training Center and Fort Polk
 Victor L. Horton, Military Judge
 Colonel James D. Key, Staff Judge Advocate

For Appellant: Major Grace M. Gallagher, JA; Captain Candace N. White
Halverson, JA (on brief).

For Appellee: Pursuant to A.C.C.A Rule 15.2, no response filed.

 15 January 2009

 -----------------------------------------
 SUMMARY DISPOSITION
 -----------------------------------------

Per Curiam:

 A military judge sitting as a general court-martial convicted
appellant, pursuant to his pleas, of negligent homicide, in violation of
Article 134, Uniform Code of Military Justice, 10 U.S.C. 934 [hereinafter
UCMJ]. The military judge sentenced appellant to a bad-conduct discharge,
confinement for six months, and reduction to E1. The convening authority
approved the adjudged sentence and attempted to waive the automatic
forfeitures. The promulgating order and action, however, incorrectly
stated the effective date and amount of the automatic forfeitures.

 On 22 May 2008, appellant specifically requested deferral and waiver
of automatic forfeitures and the adjudged reduction in rank. On 29 May
2008, the convening authority granted appellant’s request to waive
automatic forfeitures, effective 3 June 2008, but declined to grant
appellant’s request for deferment of the reduction in rank. The
promulgating order and action incorrectly stated that “[t]he automatic
forfeiture of two-thirds pay and allowances required by Article 58b, UCMJ
is waived effective 28 May 2008 for a period of six months . . .” (emphasis
added). Because appellant was sentenced to six months confinement at a
general court-martial, appellant automatically forfeited all his pay and
allowances, not merely two-thirds of his pay and allowances as reflected in
the promulgating order and action. See Article 58b(a), UCMJ.
Furthermore, the automatic forfeitures went into effect fourteen days after
the date on which the sentence was adjudged. See Article 57(a), UCMJ. In
this case, appellant was sentence on 20 May 2008, therefore, the automatic
forfeitures went into effect on 3 June 2008, not 28 May 2008.

 Although the promulgating order and action are incorrect, appellant
concedes he was not prejudiced because the six-month waiver of automatic
forfeitures of pay and allowances was correctly applied.

 On consideration of the entire record, the findings of guilty and the
sentence are AFFIRMED.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court